CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 1 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WILLIAM BILL CLARK, | CASE NO. 7:11CV00490 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| LT. ADKINS, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

William Bill Clark, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials failed to protect him against attack from his cell mate, in violation of his constitutional rights. After reviewing Clark's submissions, the court finds that his complaint must be dismissed without prejudice for failure to state a claim.

I

Clark alleges the following sequence of events. Clark is incarcerated at Augusta Correctional Center. In March 20011, officials assigned Clark to share a cell with another inmate, W. Jasper, who told Clark about his mental illness issues. Tension quickly developed between the cell mates. Jasper kept trash, papers, and dirty clothes all over the cell floor, but when Clark tried to talk to him about the mess, Jasper always "repl[ied] very loudly in an aggressive manner." Jasper also had a habit of keeping the light on in the cell for hours after the general population lockdown at 11:30 p.m. so he could write letters and grievances. He would "loudly ball . . . up paper and throw it in the trash bucket." This behavior kept Clark awake for several nights, and he would "snap" at Clark for complaining that he was bothered by it.

Frustrated by Jasper's behavior, on March 13, 2011, Clark gave his counselor a written request for information, stating:

> I have an escalating situation with the inmate I share the cell with. W. Jasper has mental health issues along with the fact that he is severely disorganized and keeps filth and clutter throughout the cell. It is always trash, papers and dirty clothes on the floor that belongs to him. Please move W. Jasper to another cell or building as soon as possible. I'm trying to avoid a physical confrontation, but he has no respect for anyone living in a cell with him. He is a problem, and I cannot live in the same cell with him.

(ECF. No. 4, p. 8.) The counselor forwarded Clark's request to the security staff. After several days, Lt. Adkins responded, stating: "I would be happy to speak with W. Jasper to try to resolve this matter." Nothing further was done to resolve the situation.

On March 24, 2011, after lockdown, Jasper attacked Clark and bit him on both shoulders, on the left side of his neck and on his right thumb. No one witnessed the altercation. The next day, Clark reported the incident and spoke with Lt. Adkins. Officials charged both inmates with fighting and placed them in segregation. Lt. Adkins told Clark that segregation was the "only way [Clark] could escape from sharing a cell with W. Jasper."

Clark sues Lt. Adkins for failing to protect him from Jasper after Clark asked that he be moved. He states that Jasper's bites caused lasting scars.

## II

To state a § 1983 claim, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Adkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)

2

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.562, 129 S. Ct. 1937, 1940 (2009).

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not every injury suffered by one prisoner at the hands of another prisoner establishes liability against a prison official, however. To make a valid Eighth Amendment claim based on prison officials' failure to protect him against assault, a prisoner must state facts demonstrating that he faced a substantial risk of serious harm and that officers acted with deliberate indifference to that risk. Id. at 828. A prison official shows deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." Id. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and [the officers] could avert the danger easily yet they fail to do so." Case v. Ahitow, 301 F.3d 605, 607 (7th Cir. 2002). A jail official's accidental or inadvertent failure to protect inmates from harm by other prisoners is not sufficient to state an Eighth Amendment violation. Farmer, 511 U.S. at 840.

While Clark's experience with Jasper and his resulting injuries are regrettable, his allegations fail to state any constitutional claim actionable under § 1983. In his initial complaint about Jasper on March 14, 2011, the facts Clark stated about his frustrations are not sufficient to put officials on notice that Jasper posed a substantial risk of serious harm to Clark. Indeed, the only specific details he related concerned Jaspser's bad housekeeping habits, the fact that Jasper has "mental health issues," and the fact that Clark himself was frustrated and trying to avoid a confrontation. Clark said nothing on this complaint form about Jasper making threatening

3

comments or gestures or behaving in a manner suggesting that Jasper was likely to commit violence against Clark. Moreover, Lt. Adkins' reply indicated his understanding that Jasper merely needed official encouragement to keep his part of the cell neater, which was not an unreasonable response to Clark's complaint. Nothing in Adkins' response suggests that he knew Jasper posed a physical threat to Clark's safety. Thus, the court finds these allegations insufficient to support a viable claim that Lt. Adkins knew Jasper posed a substantial risk of serious physical harm to Clark.

To the extent that Clark bases his claim on an assertion that Lt. Adkins was careless in failing to take Clark's complaint about Jasper more seriously, such allegations of negligence are not sufficient to support a constitutional claim. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding § 1983 intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law).

For the reasons stated, the court dismisses Clark's § 1983 complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of November, 2011.

_____
Chief United States District Judge